## JOSEPH L. BAUST *v.* COMMONWEALTH BANK OF BALTIMORE.

## JOSEPH L. BAUST *v.* FAIRFIELD FARMS DAIRY.

[Nos. 67, 68, October Term, 1929.]

*Decided January 14th, 1930.*

The cause was argued before Bond, C. J., Urner, Adkins, Offutt, and Digges, JJ.

*John Wood,* with whom was *Edward O. Weant* on the brief, for the appellant.

*James E. Boylan, Jr.,* with whom was *James A. C. Bond* on the brief, for the appellees.

Urner, J., delivered the opinion of the Court.

The joint trial of this attachment case, and the opposing claim of property, was before the court without a jury, and resulted in a verdict and judgment for the claimant of the attached funds as to the greater part of the assets confessed by the garnishee, and for the attaching creditor as to the remainder. The latter party has appealed from both judgments.

It was by way of execution on a judgment by confession that the attachment was issued. The levy was upon the moneys, rights and credits of the judgment debtor, Lewis A. Drechsler, in the hands of the Fairfield Farms Dairy, a corporation. The garnishee by its plea admitted that it held funds, amounting to $330.31 when the writ of attachment was served, and to a total of $529.85 at the time of the trial,

representing sums due for milk shipped to the dairy by Drechsler from the farm which he was operating. A claim to the funds was filed by the Commonwealth Bank of Baltimore, which alleged title in the bank by virtue of assignments executed by Drechsler and accepted by the dairy company prior to the issuance of the attachment. In the plea of the garnishee reference was made to the assignments on which the bank's claim was based, and also to a prior assignment by Drechsler to another creditor affecting a part of the admitted fund. It was for the portion of the fund covered by the earlier assignment, and thus excluded from the one supporting the claim of property on trial, that the judgment in favor of the attaching creditor was rendered.

The shipments of milk by Drechsler to the Fairfield Farms Dairy began in August, 1927, and appear to have been discontinued in the following December because of the revocation of the shipper's permit by the health department. The judgment of the attaching creditor, now the appellant, was obtained long prior to the period of the milk shipments which produced the fund involved in this litigation. It is evident from the record, on the other hand, that the claims of the Commonwealth Bank against Drechsler were contracted upon the faith of the security which his assignments of the proceeds of his milk shipments were intended to afford. The proof is that he bought a number of cows for his dairy herd from Joseph D. Stark in September, 1927, and borrowed from the bank on his promissory notes, with the vendor's endorsements, the sums, aggregating $3,646.40, required for the payment of the purchase price of the cattle. The assignments bear the same dates as the notes which they were respectively given to secure, and after referring to the indebtedness represented by the notes, authorize and direct their payment in designated monthly instalments, beginning on November 15th, 1927, under the first assignment, and on December 15th under the second. In its separate written acceptances of the two assignments the dairy company stated

that the first payments would begin on the dates therein proposed.

The claim of property filed by the bank was entered, pending trial, to the use of Mr. Stark, in view of his payment of the notes on which, with his endorsements, the amount of the purchase price of the cows bought from him by Drechsler had been borrowed. The attaching creditor contests the claim of property on the ground that the assignments to the bank were invalid efforts to transfer future earnings of the assignor. A directed verdict against the claim was requested on that ground, and because of the court's refusal to make such a ruling the principal exception in the record was reserved.

The case was argued for both parties to the appeal on the correct theory that an assignment of prospective earnings is ineffective unless the assignor had a potential interest in the future receipts, under an existing contract, at the date of the attempted transfer. *Seymour v. Finance & Guaranty Co.*, 155 Md. 514; *Shaffer v. Union Mining Co.*, 55 Md. 74, 84. But upon the important question as to whether the fund in dispute was in fact earned under a contract in force and continuing effect at the time of the execution of the assignments, there were conflicting views advanced in the argument. No testimony was offered at the trial in regard to the terms upon which the assignor shipped milk to the dairy company. In the absence of evidence specifically directed to that subject, it is assumed and contended on behalf of the appellant that no such contract was in existence. The appellee's contention is to the contrary. The decision of the trial court was evidently rendered upon the theory that there were such contractual relations between the shipper and consignee of the milk, for which the funds in controversy were payable, as to justify the conclusion that they were validly assignable. It is our duty simply to determine whether there is sufficient warrant in the record for the inference of fact upon which that conclusion was founded.

The record shows that when the assignments were executed

the assignor had for some time been making the regular shipments of milk in the further course of which the assigned funds accrued. It discloses also the significant fact that, in the acceptance of the assignments, the dairy company acted upon the understanding that its commercial relations with the shipper were to continue at least for the period during which the first of the specified instalments would be earned. In both instances it made unqualified promises to pay instalments at stated future dates. 'Prior to the date thus mentioned in the acceptance of the second assignment, all of the money claimed in this proceeding had become due for milk shipped to the dairy company by the assignor. In a petition filed by the dairy company asking leave to amend its original plea, the assignments were described as referring to funds "which would belong" to the assignor "in payment of milk to be shipped" by him to the company. From this statement, and the terms of the acceptances, it could reasonably be inferred that there was a continuing contractual duty of the assignor to make, and of the dairy company to accept, his customary deliveries of milk within the limits of the period with which this case is concerned. As the suit is not on the contract, there is no need of proof as to its precise terms. The validity of the assignments is sustainable if the funds purported to be transferred by them were to be earned under a contract in force when they were executed, and the record, in our view, sufficiently reveals that fact.

In the course of the trial there were nine exceptions to rulings on the admissibility of evidence. They were mainly taken in opposition to proof of the assignments and their acceptance. There was no error in any of the rulings which the record presents.

*Judgment affirmed, with costs.*